| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MOTION TO SUPPRESS STATEMENTS, ADMISSIONS AND ANSWERS |
| | ) | |
| v. | ) | |
| | ) | |
| DOMINIQUE BOUDREAUX, | ) | |
| | ) | |
| Defendant. | ) | |

Dominique Boudreaux, through her attorney, Manny K. Atwal and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), moves the Court for an order suppressing all statements, admissions, and answers made by her to law enforcement on January 17, 2026 at 5:13 p.m. Law enforcement obtained Mr. Boudreaux's statement without a valid waiver of Ms. Boudreaux's *Miranda* rights, and law enforcement continued to question her after Ms. Boudreaux said, "I'm done talking."

## I.      The Statement

On January 17, 2026, Ms. Boudreaux was arrested by Customs and Border Protection (CBP) at the Bishop Henry Whipple Federal Building located in St. Paul, Minnesota. Hours after her arrest, Ms. Boudreaux was interrogated by Homeland Security Investigators (HSI). The forty-five-minute interrogation was audibly recorded. After being read *Miranda* Rights, she was asked if she understood. She said yes. She was never asked if she wished to waive her rights and or if she wished to talk HSI. Rather, HSI began their interrogation. At three minutes and three seconds into the interrogation, she unequivocally

stated "I'm done talking." Ignoring her remark, HSI continued to question Ms. Boudreaux. At eight minutes and twenty-six minutes, Ms. Boudreaux again stated "I'm done talking." Again, HSI kept questioning Ms. Boudreaux. At twenty minutes and forty nine seconds, Ms. Boudreaux states "I don't want to answer any of his bonus questions." This was in response to HSI stating they had a bonus question as to who was financing Ms. Boudreaux. Questioning continued by HSI. Silence follows. Questions continued and Ms. Boudreaux responded. HSI continued convince Ms. Boudreaux to talk by suggesting the Somali population is stealing from government by being on welfare and that the State of Minnesota does not honor HSI detainers. The interrogation finally stopped at

## II.     Ms. Boudreaux's Fifth Amendment rights were violated.

The government may not use Ms. Boudreaux's statements that "stem[ ] from custodial interrogation of the defendant unless it demonstrates that use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Even in cases where there is a purported waiver, the government bears the burden of proving that Ms. Boudreaux's waived her *Miranda* rights. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986) ("Whenever the [government] bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our *Miranda* doctrine, the [government] need prove waiver only by a preponderance of the evidence.").

Here, Ms. Boudreaux's did not state that she wanted to speak with the police. She stated she understood her rights. She did not knowingly, intelligently, and voluntarily

waive her rights to counsel and against self-incrimination.  HSI did not verify that her understanding her rights meant that she wanted to speak to law enforcement.

A defendant may invoke *Miranda* rights either prior or during interrogation. *Miranda v. Arizona,* 384 U.S. 436, 473-74 (1966). At least three times Ms. Boudreaux invoked *Miranda* by stating she was done talking. Yet, HSI kept interrogating her. The statement on January 17, 2026 must be suppressed.

Dated:   March 13, 2026             Respectfully submitted,

<u>s/Manny K. Atwal</u>
MANNY K. ATWAL
Attorney ID No.   282029
Attorney for Ms. Boudreaux
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415